```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT J. BINSACK, SR.,          : CIVIL NO: 4:10-CV-00535
        Plaintiff               :
                                : (Judge Conner)
     v.                         :
                                : (Magistrate Judge Smyser)
                                :
LACKAWANNA COUNTY PRISON,       :
et al.,                         :
                                :
        Defendants              :
```

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this action on March 9, 2010. On that date, the plaintiff filed a document entitled "Section 1983 Civil Rights Complaint." That document, however, is not a complaint. It is merely a title page to a complaint.

By an Order dated April 2, 2010, we ordered the plaintiff to file a complaint. On April 13, 2010, the plaintiff filed a complaint. By an Order dated May 3, 2010, we ordered that the complaint be served on the defendants.

The complaint names as defendants: the Lackawanna County Prison; the Lackawanna County Commissioners (identified as Corey O'Brian, Michael Washo and A.J. Munchak); the Lackawanna County Prison Board; Warden Donate; Deputy Warden Betti; Deputy Warden Prichard; Captain Chiarelli; Lieutenant Carroll; Corrections Officer Dominick; Corrections Officer Magoosi; Corrections Officer Rapford; Corrections Officer Frank Doe; Correctional Care, Inc.; Dr. Zaloga; and John and Jane Doe Medical Providers, Nurses and Doctors.

The complaint is lengthy - it consists of 80 pages, 223 paragraphs, and 40 footnotes. The plaintiff makes many allegations in the complaint including that he has numerous medical conditions for which he was not provided medical treatment, that certain defendants labeled him as a snitch and set him up to be assaulted, that he was threatened, assaulted and extorted by other inmates, that he was subsequently transferred out of the Lackawanna County Prison but that he was transferred back in retaliation for sending the defendants a notice of his intent to file a lawsuit and in an attempt to deter him from filing such a lawsuit, and that he was denied access to the courts.

2

The complaint contains 42 U.S.C. § 1983 claims based on purported violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. The complaint also contains numerous claims based on purported violations of the Constitution of Pennsylvania as well as numerous other state law claims.

As relief, the plaintiff seeks declaratory and injunctive relief[1] as well as compensatory and punitive damages.

On April 14, 2010, the plaintiff filed a motion for the appointment of counsel and a brief in support of that motion. By an Order dated May 13, 2010, we conditionally granted the plaintiff's motion for the appointment of counsel. We referred the case to Stephen M. Greecher, Jr., Esquire, the *pro bono*

---

1. The plaintiff was released from the Lackawanna County Prison on or about June 23, 2010. *See Doc. 107* at fn.1. He was apparently on house arrest for approximately 45 days. *Id.* He is currently incarcerated at the State Correctional Institution at Dallas. *See Doc. 129.* Since the plaintiff is no longer incarcerated at the Lackawanna County Prison, it appears that his claims for injunctive relief are moot.

3

chair of the Middle District Chapter of the Federal Bar Association. Although Mr. Greecher has informed the court that he is seeking to find an attorney to represent the plaintiff, to date an attorney willing to represent the plaintiff in this case has not been found.

In this Report and Recommendation we address the following motions: the motion (doc. 111) to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) filed by defendants Lackawanna County Commissioners and Lackawanna County Prison Board; the motion (doc. 112) to strike and/or dismiss the complaint pursuant to Fed.R.Civ.P. 12 filed by defendants the Lackawanna County Prison, Lackawanna County Commissioners, Lackawanna County Prison Board, Donate, Betti, Prichard, Chiarelli, Carroll, Dominick, Magoosi, Rapford and Frank Doe; the motion (doc. 114) for a more definite statement pursuant to Fed.R.Civ.P. 12(e) filed by defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors; the motion (doc. 118) to strike or dismiss the complaint pursuant to Fed.R.Civ.P. 12 filed by defendant Zaloga.

4

II. Applicable Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it

5

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

6

misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* __ F.3d __, __ (3d Cir. Aug. 16, 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because Fed.R.Civ.P. 8 only requires a short and plain statement of the claim, motions for a more definite statement are generally disfavored. A motion for a more definite statement "will be granted only if a

7

pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Synagro-WWT, Inc. v. Rush Township*, 204 F.Supp.2d 827, 849 (M.D.Pa. 2002)(quoting *SEC v. Saltzman*, 127 F.Supp.2d 660, 668 (E.D.Pa. 2000)).

Fed.R.Civ.P. 12(f) provides that the court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

III. Discussion.

    A. Motion filed by Lackawanna County Commissioners and Lackawanna County Prison Board

On August 4, 2010, defendants Lackawanna County Commissioners and Lackawanna County Prison Board filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). On August 18, 2010, they filed a brief in support of that motion. On August 25, 2010, the plaintiff filed a brief in opposition. No reply brief has been filed.

Defendants Lackawanna County Commissioners and Lackawanna County Prison Board contend that the complaint does not contain allegations of personal involvement on their part in the alleged violations of the plaintiff's rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A prisoner's grievance or complaint regarding ongoing abuse may be sufficient to put a prison official on notice of such abuse by other prison staff and therefore may show actual knowledge of an alleged constitutional violation and acquiescence in the

events forming the basis of a prisoner's claims. *Atkinson v. Taylor,* 316 F.3d 257, 270-271 (3d Cir. 2003).

The complaint identifies the Lackawanna County Commissioners as Corey O'Brian, Michael Washo and A.J. Munchak. The complaint alleges that the Commissioners "were responsible at all relevant times described in this complaint for ensuring prison policies and practices, Plaintiff's rights, care, safety and well being as more particularly set forth hereinafter in this complaint." *Doc. 20* at ¶4. The complaint alleges that the Lackawanna County Prison Board was "responsible for governing, operating, managing, directing and/or controlling the Defendant County Prison; creating and ensuring prison policies and/or were/are or should have been made fully aware of, had been aware of, its policies and procedures, even implied policies and/or habitual procedures, and thus any major daily, weekly, monthly, yearly prison disturbances, ongoings, changes to policy and/or procedures; including but not limited to, any continuing patterns of civil rights violations, deprevations [sic] of medical care, illegal-criminal behaviors and abuses by its administrators/employees and/or hired contractors, and/or having first hand knowledge thereof the same said practices

10

and/or procedures." *Doc. 20* at ¶5. "As such they were responsible for ensuring Plaintiff's rights, care, safety, and well being, as more particularly set forth hereinafter in this complaint." *Id.*

The Lackawanna County Commissioners and the Lackawanna County Prison Board contend that the quoted allegations are not sufficient to allege personal involvement on their part. We agree. However, the complaint contains additional allegations regarding the Lackawanna County Commissioners and the Lackawanna County Prison Board. The complaint alleges that the plaintiff informed these defendants what was happening to him at the prison, that these defendants ignored his complaints and that if these defendants had not ignored his complaints his injuries could have been prevented. *Doc. 20* at ¶¶ 110, 165 n.38 & 169. The complaint alleges actual knowledge and acquiescence on the part of the Lackawanna County Commissioners and the Lackawanna County Prison Board. Therefore, the complaint sufficiently alleges personal involvement on the part of these defendants. Accordingly, we will recommend that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by these defendants be denied.

11

B. Motion filed by Correctional Care, Inc. And John and Jane Doe Medical Providers, Nurses & Doctors.

On August 12, 2010, defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors filed a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e) and a brief in support of that motion. On August 25, 2010, the plaintiff filed a brief in opposition. No reply brief has been filed.

Defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors contend that although extremely voluminous the complaint is nevertheless vague and ambiguous. The defendants note that in many instances the plaintiff uses the term "Defendant(s)" without specifying to which defendant or defendants he is referring. The defendants also note that, with the exception of the medical malpractice claim, the plaintiff does not specify which counts are against which defendants.

The complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to

12

relief" as required by Fed.R.Civ.P. 8(a). The complaint consists of 80 pages, 223 paragraphs, and 40 footnotes. The complaint is not short. The complaint is not plain. The complaint is difficult to read. The plaintiff uses an unusual amount of quotations. At times, he cites to what he is quoting, but most times he provides no citations and although he uses quotation marks it is not even clear that he is in fact quoting from anything. The complaint would be easier to understand if the plaintiff just set forth in simple and plain terms what the defendants allegedly did to violate his rights.

Moreover, we agree with defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors that the complaint is vague and ambiguous given the plaintiff's repeated use of the term "Defendant(s)" without specifying to which defendant or defendants he is referring and given that for all but one count the plaintiff does not specify which counts are against which defendants.

We will recommend that the motion for a more definite statement be granted and that the plaintiff be ordered to file

13

an amended complaint that complies with Fed.R.Civ.P. 8(a) and that provides a more definite statement of his claims.

C. Motion filed by the Lackawanna County Defendants.

On August 4, 2010, defendants Lackawanna County Prison, Lackawanna County Commissioners, Lackawanna County Prison Board, Donate, Betti, Prichard, Chiarelli, Carroll, Dominick, Magoosi, Rapford and Frank Doe (the Lackawanna County defendants) filed a motion to strike and/or dismiss the complaint pursuant to Fed.R.Civ.P. 12. On August 18, 2010, the Lackawanna County defendants filed a brief in support of that motion. On August 25, 2010, the plaintiff filed a brief in opposition. No reply brief has been filed.

The Lackawanna County defendants contend that the complaint should be stricken because it contains scandalous and impertinent allegations regarding an alleged smuggling ring in the prison. However, the allegations of a smuggling ring form the background of the plaintiff's allegations that he was called a snitch and set up to be assaulted. Thus, we conclude

14

that allegations regarding the smuggling ring are not impertinent or scandalous, and we will not recommend that the complaint be stricken because of those allegations.

Like defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors, the Lackawanna County defendants also contend that the complaint fails to comply with Fed.R.Civ.P. 8(a). The defendants contend that the complaint contains unnecessary factual allegations to the point that the complaint is so verbose that it is impossible to answer.

As set forth above, we agree that the complaint fails to comply with Fed.R.Civ.P. 8(a) and is vague and ambiguous. Accordingly, we will recommend that the Lackawanna County defendants' motion to dismiss the complaint be granted to the extent that the plaintiff be ordered to file an amended complaint that complies with Fed.R.Civ.P. 8(a) and provides a more definite statement of his claims.

    D.   Motion filed by Defendant Zaloga.

On August 18, 2010, defendant Zaloga filed a motion to strike or dismiss the complaint pursuant to Fed.R.Civ.P. 12. Before defendant Zaloga filed a brief in support of his motion, the plaintiff filed a brief in opposition on August 25, 2010. On September 1, 2010, defendant Zaloga filed a brief in support of his motion.

Like defendants Correctional Care, Inc., John and Jane Doe Medical Providers, Nurses and Doctors and the Lackawanna County defendants, defendant Zaloga contends that the complaint fails to comply with Fed.R.Civ.P. 8(a) and that a response to the allegations in the complaint as currently drafted can not reasonably be made. For the reasons stated above, we agree. We will recommend that defendant Zaloga's motion be granted to the extent that the plaintiff be ordered to file an amended complaint that complies with Fed.R.Civ.P. 8(a) and provides a more definite statement of his claims.[2]

IV. Recommendations.

---

2. Defendant Zaloga also contends that the complaint fails to state a medical care claim upon which relief may be granted. Given our recommendation that the plaintiff be required to file an amended complaint, we need not address that argument. We note, however, that the argument was made in a conclusory manner.

Based on the foregoing, it is recommended that the motion (doc. 111) to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) filed by defendants Lackawanna County Commissioners and the Lackawanna County Prison Board be denied, that the motion (doc. 114) for a more definite statement pursuant to Fed.R.Civ.P. 12(e) filed by defendants Correctional Care, Inc. and John and Jane Doe Medical Providers, Nurses and Doctors be granted; that the motion (doc. 112) to strike and/or dismiss the complaint pursuant to Fed.R.Civ.P. 12 filed by defendants Lackawanna County Prison, the Lackawanna County Commissioners, the Lackawanna County Prison Board, Donate, Betti, Prichard, Chiarelli, Carroll, Dominick, Magoosi, Rapford and Frank Doe be granted to the extent that the plaintiff be ordered to file an amended complaint that complies with Fed.R.Civ.P. 8(a) and provides a more definite statement of his claims, and that the motion (doc. 118) to strike or dismiss the complaint pursuant to Fed.R.Civ.P. 12 filed by defendant Zaloga be granted to the extent that the plaintiff be ordered to file an amended complaint that complies with Fed.R.Civ.P. 8(a) and provides a more definite statement of his claims. It is further recommended that the plaintiff be ordered to file an amended complaint that complies with Fed.R.Civ.P. 8(a) and that

17

provides a more definite statement of his claims.  Finally, it is recommended that the case be remanded to the undersigned for further proceedings.


                                        **/s/ J. Andrew Smyser**
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  October 14, 2010.